**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

LISSETTE VEGA-RUIZ,

                Plaintiff,

      -against-

NORTHWELL HEALTH SYSTEMS (formerly NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM), LONG ISLAND JEWISH VALLEY STREAM (formerly FRANKLIN HOSPITAL IN VALLEY STREAM), LONG ISLAND JEWISH MEDICAL CENTER,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

19-CV-537(GRB)(AYS)

**GARY R. BROWN, United States District Judge**:

Appearances:

Andrew Rozynski
Eisenberg & Baum, LLP
*Attorneys for Plaintiff*
24 Union Square East
Fourth Floor
New York, NY 10003

David John Hommel, Jr.
Eisenberg & Baum, LLP
*Attorneys for Plaintiff*
24 Union Square East
Fourth Floor
New York, NY 10003

John P. Keil
Collazo & Keil LLP
*Attorneys for Defendants*
747 Third Avenue
New York, NY 10017

Daniel J. LaRose
Collazo & Keil LLP
*Attorneys for Defendants*

747 Third Avenue
New York, NY 10017

In this action, plaintiff Lissette Vega-Ruiz ("plaintiff") seeks damages Rehabilitation Act and the Affordable Care Act for the purported failure of defendants to provide her with sufficient ASL translation services during her brother's stay at a medical facility operated by defendants. Both parties have moved for summary judgment. For the following reasons, plaintiff's motion is **DENIED** and defendants' motion is **GRANTED** in part and **DENIED** in part. The result of that motion practice is significant: as described herein, plaintiff is left solely with a claim for nominal damages.

**BACKGROUND**

The following facts are undisputed, except as otherwise noted, and are taken from the parties Statements of Undisputed Facts filed pursuant to Rule 56.1.[1]

Plaintiff Lissette Vega-Ruiz ("plaintiff") is a deaf individual whose primary method of communication is American Sign Language ("ASL"). Def. Reply R. 56.1 Statement, DE 53 at ¶ 1. On October 14, 2015, plaintiff accompanied her brother, Jose Vega, to Long Island Jewish Valley Stream Hospital ("the hospital") where he would be undergoing spinal surgery. *Id.* at ¶¶ 40, 42. The parties dispute whether plaintiff was Mr. Vega's legal healthcare proxy,[2] *see* Pltf. Reply R. 56.1 Statement, DE 60 at ¶ 157, and whether the provision of an ASL interpreter was requested before the hospitalization, *id.* at ¶¶ 122-23, 125, Mr. Vega's medical records nonetheless reflect that Ms. Vega-Ruiz was identified as his "Patient Representative" and contain

---

[1] All citations to the parties' respective 56.1 Statements, unless otherwise noted, omit internal citations.
[2] In fact, plaintiff's brother testified that he did not have a health care proxy. *See* Pltf. Reply R. 56.1 Statement, DE 60 at ¶ 157.

2

an entry stating, "Lissette Vega sister in waiting room sister deaf [sic]." Def. Reply R. 56.1 Statement, DE 53 at ¶ 47.

ASL interpreters were provided during only some portions of Mr. Vega's stay in the hospital.[3] Particularly, plaintiff was provided three different interpreters between her arrival on the 14th and approximately 6 o'clock P.M. on the 15th, *id.* at ¶¶ 150, 154, but there is conflicting evidence as to whether plaintiff was nonetheless able to effectively communicate and understand what was being explained to her during the conversations where an interpreter was not present. *See, e.g.*, *id.* at ¶¶ 81, 82, 95; *see also* Pltf. Reply R. 56.1 Statement, DE 60 at ¶ 164. There is also inconsistent testimony as to whether plaintiff and/or her brother requested additional interpretive services throughout Mr. Vega's hospitalization. *See, e.g.*, Def. Reply R. 56.1 Statement, DE 53 at ¶¶ 48-51, 54, 56; Pltf. Reply R. 56.1 Statement, DE 60 at ¶¶ 129, 161.

On October 18, 2015, plaintiff returned to the hospital to visit her brother and was informed that he had been moved to the Intensive Care Unit ("ICU") because he was experiencing hypoxia and had developed a pulmonary embolism. *See* Def. Reply R. 56.1 Statement, DE 53 at ¶ 91. Northwell staff attempted to explain the situation to plaintiff by writing her a note informing her that her brother would have an additional procedure done to insert a filter into a vein in his leg to prevent a blood clot from reaching his lungs. *Id.* at ¶ 96. Additionally, her brother's physician, Dr. Lisa Chen, discussed Mr. Vega's condition and the plan to implant the filter in his leg with plaintiff and did not record any difficulty communicating with plaintiff in her notes. *Id.* at ¶¶ 147-49. Plaintiff testified that she was having difficulty communicating with staff at this time, but there is at least some evidence that she understood that

---

[3] While plaintiff's complaint stated that she was provided with a Spanish interpreter instead and of an ASL interpreter, plaintiff testified under oath that she was provided with three different ASL interpreters. *See* Pltf. Reply R. 56.1 Statement, DE 60 at ¶¶ 161-63. 173. The allegation of the erroneous provision of a Spanish interpreter appears to be untrue, and may be an artifact from another similar action brought by plaintiff.

3

the staff members were professing a lack of awareness of certain details of the situation.  *Id.* at ¶¶ 95, 97-99.

Based on the foregoing, plaintiff now brings a claim for violation of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, premised on defendants' failure to provide an ASL interpreter throughout Mr. Vega's stay in the hospital.  *See* Amended Compl., DE 32.

**DISCUSSION**

Currently before the Court are motions for summary judgment by both parties.  These motions are decided under the oft-repeated and well-understood standard of review for motions made under Rule 56, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd*, 643 F. App'x 54 (2d Cir. 2016), incorporated by reference herein.  In sum and substance, the Court must determine whether, drawing inferences in favor of the non-movant, based upon the undisputed material facts, judgment should be entered in favor of the movant upon the claim or issue under examination.

*Plaintiff's Motion Regarding Liability*

Plaintiff claims entitlement to summary judgment on liability for disability discrimination under the ACA, which requires showing three elements: "1) [plaintiff] is a qualified individual with a disability; 2) [defendant] is an entity subject to the acts; and 3) [plaintiff] was denied the opportunity to participate in or benefit from defendant's services, programs, or activities or [defendant] otherwise discriminated against [her] by reason of [her] disability."  *Wright v. New York State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).  The third element proves problematic.

4

There are numerous issues as to whether plaintiff was "denied the opportunity to participate in or benefit" from Northwell's services. As demonstrated by the factual summary above, there are disputes as to whether Northwell's provision of ASL interpreters for two days along with other accommodations for the balance of her brother's stay in the hospital permitted her sufficient access to the services, whether effective communication took place, and whether any purported failure was material given her role as a companion and health care proxy. Additional factual issues going to plaintiff's credibility, including assertions that she provided inconsistent statements and false sworn statements in this action, that could well further bear on these issues.

Counsel argues that plaintiff "is entitled to interpreter services for all critical encounters under the ACA," an assertion which, under these facts, raises more questions than it answers. DE 51 at 17. At which points during her brother's 10-day hospital stay did such "critical encounters" occur? Part of the answer may turn on when or whether the plaintiff was the healthcare proxy. Remarkably, in support of its argument, plaintiff's counsel cites to factors that are not dispositive of the question of liability. DE 51 at 12-13 (citing *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 829 (11th Cir. 2017) (noting that it is not "dispositive that the patient got the same ultimate treatment that would have been obtained even if the patient were not deaf") and *Giterman v. Pocono Med. Ctr.*, 361 F. Supp. 3d 392, 410 (M.D. Pa. 2019) (supporting the proposition that "subjective beliefs" of Northwell's staff that Ms. Vega-Ruiz understood them or her brother's treatment are not "determinative as to whether she truly understood")). Such arguments reflect a misapprehension of the standard applicable on a Rule 56 motion: as to plaintiff's motion, the Court is required to draw inferences in favor of the non-movant. Thus, factors identified as inconclusive cannot support summary judgment in plaintiff's favor.

5

Plaintiff's motion for summary judgment on liability is therefore **DENIED**.

*Defendant's Motion as to Available Damages*

In the wake of the Supreme Court's decision in *Cummings v. Premier Rehab Keller*, P.L.L.C., 142 S. Ct. 1562, *reh'g denied*, 142 S. Ct. 2853 (2022), defendant seeks summary judgment on most categories of damages sought by plaintiff.  Importantly, *Cummings* involved a plaintiff who sought recovery under the Rehabilitation Act and the Affordable Care Act for the failure of a federally-funded medical facility to provide ASL translators.  In *Cummings*, the Supreme Court ruled that in actions based on Congressional enactments predicated upon the Spending Clause of the Constitution, damages are limited to "the usual contract remedies in private suits." *Id.* at 1571.  Thus, for example, the Court concluded that "emotional distress damages are not recoverable under the Spending Clause statutes we consider here." *Id.* at 1572.  Thus, plaintiff's claim for emotional distress damages is no longer viable.

Analysis of the effect of *Cummings* on plaintiff's remaining damages claims is greatly simplified by Judge Briccetti's thoughtful decision in *Fantasia v. Montefiore New Rochelle*, 2022 U.S. Dist. LEXIS 107935 (S.D.N.Y. June 16, 2022), which is not only factually indistinguishable from this case, but was litigated by the same plaintiff's counsel, who raised identical arguments.[4]  Thus, the Court adopts the reasoning of *Fantasia* and, for the reasons set forth in that case, similarly finds that plaintiff's claims for "dignitary harm" and "expectation damages" are no longer viable.  At the same time, based on the reasoning in *Fantasia*, applying the Supreme Court's determination in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (finding that nominal damages are "concrete" for a completed past injury and can satisfy the redressability element of Article III standing), the Court finds that plaintiff still has a claim for

---

[4]  Indeed, as in *Fantasia*, counsel argues to this Court that *Cummings* was wrongly decided, reflecting a fundamental misconception of the judicial process.

6

nominal damages. Thus, defendant's motion for summary judgment is **DENIED** as to nominal damages and **GRANTED** with respect to the remaining categories of damages sought by plaintiff.

*The Road Forward*

This leaves the matter in an unusual posture. To resolve the question of liability requires a trial at which plaintiff may only pursue nominal damages. While the question may not yet be ripe, defendant has, on this motion, provided authority suggesting that, absent a "groundbreaking conclusion of law," attorney's fees may not be available should plaintiff prevail only on an award of nominal damages. *Pino v. Locascio*, 101 F.3d 235, 238 (2d Cir. 1996) ("[F]ee awards are not appropriate where, having failed to capture compensatory or punitive damages, a plaintiff wins only 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated.'"). Thus, we may be in a situation in which, as posited by the Chief Justice, "a plaintiff asks only for a dollar [and] the defendant should be able to end the case by giving him a dollar, without the court needing to pass on the merits of the plaintiff's claims." *Uzuegbunam v. Preczewski*, 141 S. Ct. at 808 (Roberts, C.J., dissenting) (further noting that "defendant can even file an offer of judgment for one dollar, rendering the plaintiff liable for any subsequent costs if he receives only nominal damages.")

As such, counsel is directed to meet and confer forthwith, and file a status report within two weeks of the date of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　March 20, 2023

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Gary R. Brown
　　　　　　　　　　　　　　　　　　　　　　　　GARY R. BROWN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

7