FILED
CLERK

3:48 pm, Nov 17, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

LISSETTE VEGA-RUIZ,

                         Plaintiff,

            - against -

NORTHWELL HEALTH SYSTEMS (formerly
NORTH SHORE-LONG ISLAND JEWISH
HEALTH SYSTEM), LONG ISLAND JEWISH
VALLEY STREAM (formerly FRANKLIN
HOSPITAL IN VALLEY STREAM), LONG
ISLAND JWEISH MEDICAL CENTER.

                         Defendants.

------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

Civil Action
No. 19-537 (GRB)(AYS)

**GARY R. BROWN, United States District Judge**:

      In a case in which plaintiff may recover, at most, $1, the parties have spilled much ink over plaintiff's application for attorneys' fees and costs, totaling close to $200,000. Both that application and defendants' opposition are replete with problems. For the reasons that follow, plaintiff's motion for attorneys' fees is GRANTED to the extent set forth herein.

      *Background*

      The facts and procedural history of this matter are contained in this Court's Memorandum and Order, dated March 20, 2023, familiarity with which is assumed. Docket Entry ("DE") 67. In that Order, this Court resolved the lion's share of the matter, leaving open the sole question of liability under § 1557 of the Patient Protection and Affordable Care Act (42 U.S.C. § 18116), under which plaintiff could only recover $1 in nominal damages. *Id.* at 7. On April 3, 2023, the parties filed a joint letter wherein defendants argued that plaintiff is not entitled to attorneys' fees but nonetheless represented that "Defendant intends to make an Offer of Judgment pursuant to Rule 68 of the FRCP for $1 plus reasonable costs and fees to be determined by the Court." DE 68

at 2.

Soon thereafter, the defendants extended plaintiff an Offer of Judgment pursuant to Federal Rules of Civil Procedure 68.  *See* DE 73-1.  The Offer provided, in pertinent part, that the defendants would allow judgment to be taken against them in favor of plaintiff's remaining claim for nominal damages "in the total sum of $1, plus reasonable costs and attorney's fees, if any, accrued to date in an amount to be determined by the Court."  *Id.* at 1.  Plaintiff accepted the Offer and requested that the Court set a briefing schedule for attorneys' fees and costs.  DE 73.  Plaintiff now seeks an award of $176,864.75 in attorneys' fees and $4,647.55 in costs.[1]

### Discussion

*Entitlement to Attorneys' Fees and Costs*

While "[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation," *Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 246 (2d Cir. 2021), *cert. denied,* 142 S. Ct. 563 (2021), the parties have conjured litigation out of the Rule 68 Offer itself.  Defendants argue vehemently that the Offer does not guarantee attorneys' fees but rather, "The plain language of Defendant's Rule 68 Offer indicates that the issue of whether Plaintiff is entitled to receive attorneys' fees and costs was an open question over which the parties were at an impasse . . . ."  DE 78 at 11.  This argument, however, is belied by the four corners of the agreement.

It is well-established that "Rule 68 offers of judgment and acceptances thereof are contracts to be interpreted according to ordinary contract principles."  *Steiner v. Lewmar, Inc.*, 816 F.3d 26, 31 (2d Cir. 2016) (citing *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992)).  Where the terms of a contract are clear, courts must "take care not to alter or

---

[1] In her reply memorandum, plaintiff agreed to withdraw certain attorneys' fees, including (1) the administrative tasks outlined on page 18 of defendants' opposition memorandum, (2) two of the three identical time entries representing the defense of plaintiff's deposition, and (3) a one-hour break taken during the deposition of a witness.  DE 79 at 11. Plaintiff also conceded that she should recover $3,056.60 in costs—not $4,647.55 as initially requested.  *Id.* at 11-12.

go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." *Id.* (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). As the Second Circuit has aptly noted, "The simplest way for parties to avoid ambiguity—and the risk of further litigation—is to refer explicitly to 'attorneys' fees' in the written Rule 68 offer." *Id.* at 32 (noting that "the use of the words 'attorneys' fees' is the best practice").

Here, the Rule 68 Offer unambiguously provides for attorneys' fees and costs.[2] The Offer states, in pertinent part, that plaintiff shall receive "the total sum of $1, *plus* reasonable costs and attorney's fees, if any, accrued to date in an amount to be determined by the Court." DE 73-1 (emphasis added). The language "plus" in the provision can only mean that attorneys' fees and costs are awarded separate and apart from the $1 sum.[3] *See Sand v. Greenberg*, No. 08-CV-7840 (PAC), 2010 WL 69359, at *4 (S.D.N.Y. Jan. 7, 2010) ("As written, 'plus' means 'in addition to;' 'greater than specified;' 'an added quantity;' or 'increased by.'").

In any event, defendants half-heartedly argue that the agreement is ambiguous. Instead, defendants contend that a plaintiff who receives only nominal damages is not entitled to receive fees and costs. While defendants are correct that "both Supreme Court and Second Circuit precedent establish that 'attorney's fees and costs are usually not appropriate when a plaintiff recovers only nominal damages,'" *Feliciano v. Thomann*, 747 F. App'x 885, 888 (2d Cir. 2019) (citations omitted), defendants reliance on this line of authority misses the mark. Those cases,

---

[2] For the avoidance of doubt, even if this provision was ambiguous, the result remains the same as the "ambiguity must be resolved against the offeror, as Rule 68 offerees are at risk for costs if the ultimate award is less favorable than the offer." *See Steiner*, 816 F.3d at 35 (citations omitted).

[3] To be sure, had defendants intended to limit the award of attorneys' fees, they could have expressly drafted that language in the Offer. *See Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 88 (2d Cir. 2004) (reversing award of attorneys' fees "above and beyond" scope of Rule 68 Offer, which provided for "$15,000 *inclusive of* all costs available under local, state or federal statutes accrued to date") (emphasis added); *Anderson v. Cnty. of Suffolk*, No. CV 09-1913 (GRB), 2016 WL 1444594, at *2 (E.D.N.Y. Apr. 11, 2016) (defendants' Rule 68 Offer of "[$150,001.00], which sum shall be *inclusive of* attorneys' fees and all costs accrued") (emphasis added).

3

including *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) and *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996), do not discuss the express terms of a Rule 68 Offer of Judgment. And as made clear by the Second Circuit, "[w]hether a Rule 68 judgment encompasses claims for attorneys' fees authorized to prevailing parties by statute or contract depends on the terms of the accepted offer." *Steiner*, 816 F.3d at 31. Here, the Rule 68 Offer clearly and unequivocally awards plaintiff attorneys' fees. As such, Defendants' quarrel lies with their own drafting.[4] Therefore, plaintiff is entitled to reasonable attorneys' fees and costs.

*Reasonableness of Attorneys' Fees and Costs*

As noted above, plaintiff's application for attorney fees contains several significant errors, including hourly rates that exceed established norms in this district, inadequate evidence as to certain attorneys' experience and qualifications,[5] excessive and unnecessary billing, frivolous and unreasonable motion practice, unprofessional conduct, and duplicative billing entries. Accordingly, the Court finds that an across-the-board reduction of 70% of plaintiff's application is fair and reasonable. *See Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014) (affirming district court's discretion to apply across-the-board reductions); *Piccolo v. Top Shelf Prods., Inc.*, 541 F. Supp. 3d 256, 258 (E.D.N.Y. 2021) (applying 90% across-the-board reduction); *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 661 (S.D.N.Y. 2019) (applying 66% and 70% across-the-board reduction). That the parties filed nearly thirty documents, including

---

[4] Rather than condition plaintiff's award of attorneys' fees and costs on a "prevailing party" analysis under 42 U.S.C. § 1988, utilizing language that limits an award to that which is "available under all local, state or federal statutes," *see Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 87 (2d Cir. 2004), defendants award plaintiff fees and costs unconditionally. *See* DE 73-1 at 1.

[5] Merely by way of example, plaintiff seeks $55,000 for the work of William Juhn (apparently a junior associate) based on 157 hours billed at an hourly rate of $350, yet plaintiff fails to provide *any* information concerning when or where Juhn received his J.D., when he was admitted to the Bar, how long he has been working at the firm, or even how long he has been working in this area of the law, making it impossible for the Court to properly assess the reasonableness of his rate or hours. *See* DE 77-2 at 8 (plaintiff devoting merely four sentences, which are void of substantive information, in support of this award).

briefs, declarations, and exhibits, amounting to over 350 pages of filings solely on the present application further highlight the extravagant detours undertaken by the parties—even after the determination that plaintiff was entitled to nothing but nominal damages.  The Court declines the implicit invitation to join the diragation.

### Conclusion

Based on the foregoing, plaintiff's motion for attorneys' fees and costs is GRANTED, and plaintiff is awarded $53,059.43 in attorneys' fees, plus $3,056.60 in costs.  The Clerk of the Court is directed to enter judgment accordingly and close the case.

**SO ORDERED.**

Dated: November 17, 2023
      Central Islip, New York

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge